UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cr-00080-JMS-MJD |
| ) | |
| STEVEN EUGENE WILLIAMS, ) | -01 |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

The Parties appeared on April 27, 2023, before United States Magistrate Judge Kellie M. Barr for a hearing on the Petition for Warrant or Summons for Offender under Supervised Release filed on November 17, 2022. Defendant Steven Eugene Williams appeared in person and by counsel Joseph Cleary of the Federal Community Defenders. Government represented by Assistant United States Attorney Barry Glickman. United States Probation Office represented by Michael Burress.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Williams of his rights. Mr. Williams was previously provided with a copy of the petition. Mr. Williams previously waived his right to a preliminary hearing.

2. After being placed under oath, Mr. Williams admitted violation numbers 1, 2, and 3. [Dkt. 52.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **"You shall not commit another federal, state, or local crime."**<br><br>On November 16, 2022, Mr. Williams was charged in Marion Superior Court 18, under cause number 49D18-2211-F5-031043, with felony counts of unlawful carrying of a handgun - prior felony conviction within last 15 years; criminal recklessness defendant shoots firearm into a building; criminal recklessness committed with a deadly weapon; and a misdemeanor count of possession of marijuana. The Court set a surety bond for $120,000.<br><br>According to the police report, on November 15, 2022, police officers from the Indianapolis Metropolitan Police Department (IMPD) responded to two reports of shots fired on Orchard Avenue. Upon arrival, concerned neighbors pointed at Mr. William's residence and indicated it was where the shots were fired. Once at the front door, the officers observed two spent shell casings on the front step and in the grass. Mr. Williams, his girlfriend and her son were home. While clearing the residence, officers observed a Smith and Wesson gun box. Upon exiting the residence, the officers spotted one additional shell casing and noted the shell casings were .40 caliber.<br><br>The officers spoke with witnesses and one noted he heard a gunshot and observed a black male with no shirt on yelling outside of Mr. Williams's residence. The witness returned to his home and heard an additional four gunshots. Another witness recorded video footage on her cell phone. The officers watched the footage and observed the front porch light came on, yelling could be heard as well as what sounded like a gunshot go off. Approximately five minutes later, they heard four more gunshots and what appeared to be muzzle flash could be seen in the video.<br><br>IMPD applied for and was granted a search warrant. During the search of Mr. Williams residence, they located a Smith and Wesson .40 caliber handgun, a gun box containing accessories, and marijuana. |
| 2. | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."**<br><br>As previously reported to the Court, on November 1, 2021, Mr. Williams tested positive for methamphetamine and marijuana. As noted above, on November 15, 2022, Mr. Williams was arrested and one of the charges was possession of marijuana. |

| 3. | **"The defendant must pay the total monetary penalties in accordance with the schedule of payments set forth in this judgment."** |
|---|---|
|  | To date, Mr. Williams has not paid anything on his $100 special penalty assessment. |

4. The Parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months imprisonment.

5. The Parties jointly recommended a sentence of 16 months imprisonment with no supervised release to follow. The Parties recommended placement at FCI Milan in Milan, Michigan.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the condition in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 16 months of incarceration with no supervised release to follow. While this may initially appear to be a below guidelines recommendation, the Magistrate Judge agrees with the Parties' recommendation that Mr. Williams be credited for the five months he has been in state custody, hence the Magistrate Judge's finding that sixteen months imprisonment is appropriate. The Magistrate Judge recommends placement at FCI Milan.

Mr. Williams is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The Parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The Parties orally waived the fourteen-day period to object to the Report and Recommendation.

**IT IS SO RECOMMENDED.**

Date: 4/27/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph Martin Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS
joe_cleary@fd.org

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov